SCOTT S. HOFFMANN, ESQ.
Nevada Bar No. 8498
MENG ZHONG, ESQ.
Nevada Bar No. 12145
LEWIS ROCA ROTHGERBER LLP
50 West Liberty Street, Suite 410
Reno, Nevada  89501
Telephone:  (775) 823-2900
Facsimile:   (775) 823-2929
*SHoffman@LRRLaw.com*
*MZhong@LRRLaw.com*

*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEVADA

COMMODITY EXCHANGE, INC., a New York corporation,

                 Plaintiff,

vs.

COMEX DEPOSITORY SOLUTIONS, LLC, a Nevada limited liability company; JAMES SCHILLING, an individual; and SEAN TRAINOR, an individual,

                 Defendants.

**Case No.**

**COMPLAINT FOR WILLFUL TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, CYBERSQUATTING, AND NEVADA STATE AND COMMON LAW CAUSES OF ACTION**

Plaintiff Commodity Exchange, Inc. brings this action against Defendants Comex Depository Solutions, LLC, James Schilling, and Sean Trainor and alleges as follows:

### NATURE OF ACTION

1.     This action is for willful trademark infringement, unfair competition, and cybersquatting in violation of the Lanham Act, 15 U.S.C. §§ 1114(1) and 1125(a) and (d); deceptive trade practices in violation of Nevada statutory deceptive trade practices law; and unfair competition in violation of Nevada common law.

2.     This action results from Defendants' unauthorized and willful use of Commodity Exchange, Inc.'s registered COMEX trademark in operation of its business, Comex Depository Solutions, and the operation of an infringing website at

1

1  www.comexds.com   that uses the COMEX trademark, causing harm to Commodity

2  Exchange, Inc. in the State of Nevada and this District.

3                                    THE PARTIES

4          1.      Plaintiff Commodity Exchange, Inc. ("Comex") is a New York corporation

5  with its principal place of business at World Financial Center, One North End Avenue,

6  New York, New York 10282.

7          2.      Defendant Comex Depository Solutions, LLC ("Comex Depository) is a

8  Nevada limited liability company with its principal place of business at 9120 Double

9  Diamond Parkway, Reno, Nevada 89521.

10         3.      Defendant James Schilling ("Schilling") is an individual with a claimed

11 business address at 9120 Double Diamond Parkway, Reno, Nevada 89521 and is

12 associated with the email address jschill231@aol.com.  Schilling is a managing member

13 of   Comex   Depository.     Schilling   individually   registered   the   domain   names

14 <COMEXdepositorysolutions.com>,   <COMEXdepository.com>,   and   <COMEXds.com>

15 (the "Active Domains"), all of which fully incorporate and are confusingly similar to

16 Comex's well-known and registered COMEX® trademark and the name COMEX.  Upon

17 information and belief, Schilling set-up a website in connection with the Active Domains

18 at www.COMEXds.com, that is accessible by and targets U.S. and Nevada residents,

19 and the website claims to provide a means of buying, selling, storing and exchanging

20 precious metals.  True and correct printouts showing WHOIS registration details for the

21 Active Domains are attached at Exhibit A.

22         4.      Defendant Sean Trainor ("Trainor") is an individual with a claimed business

23 address at 9120 Double Diamond Parkway, Reno, Nevada 89521 and is associated with

24 the email addresses sean.trainor@COMEXds.com and  sean.trainor@hashcoyn.money.

25 Trainor is a managing member of Comex Depository.  Trainor individually registered the

26 domain   names   <texasCOMEXdepository.com,   <tesasCOMEXdepository.com>,   and

27 <lonestarCOMEXdepository.com> (the "Inactive Domains"), all of which fully incorporate

28 and are confusingly similar to Comex's well-known and registered COMEX® trademark

50 West Liberty Street
Suite 410
Reno, Nevada 89501

LEWIS ROCA
ROTHGERBER

                                        2

and the name COMEX.  Trainor's business card for Comex Depository reflects a Reno, Nevada business address. Upon information and belief, Trainor set-up a website in connection with the Active Domains at www.COMEXds.com, that is accessible by and targets U.S. and Nevada residents, and the website claims to provide a means of buying, selling, storing and exchanging precious metals. True and correct printouts showing WHOIS registration details for the Inactive Domains are attached at Exhibit B.

5.     In undertaking deliberate acts in Nevada, including all facts and allegations set forth below and which are incorporated herein by reference, Comex Depository, Schilling and Trainor (collectively, "Defendants") had fair warning they may be called before a Nevada court in this District.

### JURISDICTION AND VENUE

6.     This Court has subject matter jurisdiction over Comex's federal claims pursuant to the Lanham Act, 15 U.S.C. §§ 1114(1) and 1125(a) and (d). This Court also has subject matter jurisdiction over the Comex's federal claims pursuant to 28 U.S.C. § 1332 because there is a complete diversity of citizenship between Comex and Defendants and the amount in controversy, exclusive of interest and costs, exceeds $75,000.   This Court has supplemental jurisdiction over Comex's state law claims pursuant to 28 U.S.C. §§ 1338(b) and 1367.

7.     This Court has personal jurisdiction over Defendant Comex Depository because it is organized in and a resident of Nevada.

8.     This Court has personal jurisdiction over Defendants Schilling and Trainor because they organized a limited liability company in Nevada, are managing members of this Nevada limited liability company, claim a Nevada business address, seek to avail themselves of the laws of Nevada, and otherwise transact business in the state of Nevada.  Pursuant to the Nevada long-arm statute, *Nev. Rev. Stat.* § 14.065, this Court has personal jurisdiction over Defendants Schilling and Trainor and this assertion is in accordance with the Due Process clause of the Fourteenth Amendment of the United States Constitution.

3

50 West Liberty Street
Suite 410
Reno, Nevada 89501

LEWIS ROCA
ROTHGERBER

9.     Venue is proper in the District of Nevada pursuant to 28 U.S.C. § 1391, because Comex Depository resides in this District, and a substantial part of the events giving rise to the claims occurred in this District.  Moreover, Defendants transact business in this District, have committed tortious acts in this District and have engaged in activities that subject them to the jurisdiction of this Court.  Finally, because Defendants are subject to personal jurisdiction in this District, venue is proper in this District.

### The Strong and Well-Known COMEX Mark

10.     Comex is a subsidiary of CME Group Inc. ("CME Group"), the world's largest and most diverse financial exchange with a history dating back to 1848.  CME Group offers financial trading products in all major asset classes, such as metals, commodities, foreign exchange, energy, weather, interest rates, equity indexes and other products through four trading exchanges: CME or Chicago Mercantile Exchange, CBOT or Chicago Board of Trade, COMEX or Commodity Exchange, and NYMEX or New York Mercantile Exchange.

11.     Comex is one of the world's most popular contract markets, and has been in existence since 1933.  Comex serves as a contract market for various forms of metals, including the trading of aluminum, copper, gold, and silver.  In addition to the physical trading of these products, individual and entities can trade these metal products electronically at nearly all hours of the day.

12.     Comex, through its predecessors, adopted and first used the COMEX® brand in connection with financial trading services at least as early as 1963.  Since that date, Comex and/or its predecessors have continuously used the name and mark COMEX.  Comex owns the following U.S. registration, which is legally and validly registered on the Principal Register of the United States Patent and Trademark Office ("USPTO") (the "COMEX Registration"):

| Mark | Reg. No. | Services | Status |
|------|----------|----------|--------|
| COMEX | 1,036,378 | Operation of an exchange market for trading in commodity futures | Incontestable |

6957001_1

50 West Liberty Street
Suite 410
Reno, Nevada 89501

LEWIS ROCA
ROTHGERBER

| | | contracts, primarily metals | |
|---|---|---|---|

A copy of the Certificate of Registration and USPTO Trademark Status and Document Retrieval ("TSDR") printout for the COMEX registration is attached as Exhibit C.

13.    The COMEX mark has been registered with the USPTO for almost forty (40) years as the Certificate of Registration was issued in March 1976. Comex's registration is incontestable under 15 U.S.C. § 1065.  An incontestable registration is conclusive evidence of the validity of the COMEX mark listed in the registration, Comex's ownership of the COMEX mark, and Comex's exclusive right to use the COMEX mark in commerce in connection with the identified services.  15 U.S.C. § 1115(b).

14.    Comex also owns extensive common law rights in its family of COMEX trademarks in connection with a wide variety of financial-related goods and services, such as financial trading/exchange services, financial information services, market data services, and related financial/investment services ("COMEX trademarks").  Comex promotes, markets, and sells these goods and services under its COMEX trademarks in the operation of its trading pit, electronic trading platforms, depository system for precious metals, and market data distribution services.  The mark reflected in the COMEX Registration together with Comex's extensive common law rights in the COMEX trademarks are hereinafter referred to as the "COMEX Marks."

15.    Comex maintains an active Internet presence and maintains websites at domain names incorporating the COMEX Marks.  The domain name www.COMEX.com was originally registered in 1997 and is still active and redirects users to Comex's homepage at www.cmegroup.com.    Information about Comex can be found at http://www.cmegroup.com/company/comex.html/.

16.    Comex has expended substantial sums of money in marketing, advertising, and promoting its COMEX Marks and, through such sales and advertising, Comex has generated substantial goodwill and customer recognition in its COMEX Marks.  The public has come to associate the COMEX Marks exclusively with Comex.  Comex has

6957001_1

LEWIS ROCA
ROTHGERBER

50 West Liberty Street
Suite 410
Reno, Nevada 89501

derived substantial revenues from the sale of its products and services under the COMEX Marks. As a result, Comex owns strong rights in the COMEX Marks.

17.     Comex's extensive use and advertising of the COMEX Marks has resulted in consumer recognition that the COMEX Marks identify Comex as the source of premier financial exchange services, financial information/market data services, depository services, and the trading of metals, such as gold and silver. The COMEX Marks are well-known and distinctive of Comex's goods and services, and valuable goodwill has been generated in the COMEX Marks.

18.     Comex maintains a sophisticated network of approved precious metal refiners, carriers, and depositories in order to preserve the integrity and quality of the precious metals traded through the Comex exchange. Due to Comex's significant efforts and many years of consistent use of Comex-approved and registered refiners, carriers, and depositories, the COMEX Marks symbolize an exceptional level of quality, reliability, and trustworthiness, which are crucial qualities in the area of trading of precious metals. Such goodwill was generated long before Defendants registered the Active Domains and Inactive Domains (collectively, "Infringing Domains") and used the COMEX Marks.

19.     On June 19, 2015, the 84th Texas legislature passed House Bill 483 ("H.B. 483"), which provided for the establishment and administration of a state-run bullion depository for precious metals.

20.     On September 4, 2015, pursuant to H.B. 483, the Texas Comptroller of Public Accounts ("Texas Comptroller") issued Request for Information No. 212p ("RFI 212p"), in which it sought information pertaining to the bullion depository services contemplated in H.B. 483. A true and correct copy of RFI 212p is attached as Exhibit D. Specifically, Inquiry No. 10 of RFI 21p stated:

"10. Does your company recommend membership in the CME Group (COMEX & NYMEX Divisions), ICE Futures US, and/or London Bullion Market Association for the Texas Bullion Depository? Why or why not? If

6

1   so, does your company foresee any issues in obtaining such

2   membership(s)?"

3   *See* Exhibit D, p. 4.

4          21.     Between September 4, 2015 and October 2, 2015, the Texas Comptroller

5   received fourteen (14) acceptable responses from businesses in the precious metals

6   exchange industry, including several responses from Comex-approved vendors who

7   regularly do business with Comex.

8          DEFENDANTS' INFRINGING CONDUCT IN VIOLATION OF COMEX'S

9                          COMEX TRADEMARK RIGHTS

10         22.     Upon information and belief, on August 28, 2015, Defendants Schilling and

11  Trainor knowingly, intentionally and deliberately adopted and used Comex's COMEX

12  mark as its company trade name by organizing or causing the organization of the Nevada

13  limited liability company Comex Depository Solutions, LLC.   In doing so, Defendants

14  sought to obtain a commercial advantage in the industry for buying, selling, and

15  exchanging precious metals.

16         23.     On September 23, 2015, Defendants Schilling and Trainor filed or caused

17  to be filed an Initial List of Officers of Comex Depository Solutions, LLC, which listed

18  Defendants Schilling and Trainor as "Managers," both having an address at 9120 Double

19  Diamond Pkwy, Reno, Nevada 89521.

20         24.     Comex Depository Solutions, LLC is associated with Nevada Business ID

21  NV20151511404 and has an active business license until August 31, 2016.   A true and

22  correct printout of the current status of Comex Depository Solutions, LLC from the

23  Nevada Secretary of State is attached as Exhibit E.

24         25.     Between August 27, 2015 and September 8, 2015, despite constructive and

25  actual knowledge of Comex's prior rights to the COMEX Marks, Defendants Schilling and

26  Trainor registered or caused to be registered the Infringing Domains.   Upon information

27  and belief, Defendants Schilling and Trainor subsequently set up the website

28  www.COMEXdepositorysolutions.com ("Infringing Website").   The Infringing Domains

50 West Liberty Street
Suite 410
Reno, Nevada 89501

LEWIS ROCA
ROTHGERBER

6957001_1

<COMEXdepository.com> and <COMEXds.com> redirect to the Infringing Website.  The Infringing Website lists a "Corporate Location" at 9120 Double Diamond Pkwy, #C388, Reno, Nevada 89521.  A true and correct printout of the Infringing Website is attached as Exhibit F.  Screenshots of the Infringing Website are shown below:





26.    Even a cursory review of the Infringing Website shows it is an attempt to associate Comex Depository with Comex, thereby luring visitors into believing they are

6957001_1

50 West Liberty Street
Suite 410
Reno, Nevada 89501

dealing with Comex, when they are not.  Specifically, the Infringing Website prominently uses the mark COMEX in the text "Comex Depository Solutions" at the top of the home page, and in the bold white font text "Comex Depository Marketplace Solutions" in the top center of the home page. This use is without authorization from Comex.  The entire focus of the Infringing Website is on buying, selling, and exchanging precious metals, as evidenced by prominent images of gold bars.  These are the same services that Comex has offered under the COMEX Marks for decades.

27.    Upon information and belief, sometime between September 20, 2015 and September 23, 2015, Defendant Trainor attended the 2015 Denver Gold Forum and represented himself as a principal of Comex Depository to professionals in the precious metals industry.   Defendant Trainor is actively using the infringing email address sean.trainor@comexds.com in connection with his commercial activities for Comex Depository.  In fact, Defendant Trainor's business card includes this email address and the Reno, Nevada business address.

28.    On October 2, 2015, Defendant Trainor submitted a response to the Texas Comptroller's RFI 212p on behalf of Comex Depository.  A true and correct copy of Comex Depository's response to RFI 212p as submitted by Trainor is attached as Exhibit G.  In his response, Trainor provided the following descriptions of Comex Depository's services:

> "We are the world's easiest platform…with the easiest way to buy, sell, store and exchange" Texas holdings.

> "These services we can provide will include, but are not limited to, providing a physical and secure bullion depository in Texas. The bullion depositories platform should have mechanisms for accepting, withdrawing, transferring and transporting bullion deposits, collecting reasonable fees, accounting, assessing bullion value and publishing accurate data for account holders and Texas residents . . ."

see Exhibit G, p.1; and

6957001_1

50 West Liberty Street
Suite 410
Reno, Nevada 89501

LEWIS ROCA
ROTHGERBER

"Our extensive technologically proven software provides the ability for the State to implement a full on Central precious Metals Depository System with an exchange marketplace."

*See* Exhibit G, p. 2.

29.     In response to Inquiry No. 10 of RFI 212p, which directly relates to obtaining a license from Comex, Trainor stated:

"We think the state should pursue structuring its own full on physical commodity exchange operation platform. This would be similar to the Shangai Exchange. Keeping pace with the defined operations of HB483. However until this is implemented, obtaining this license might help for some unforeseen challenge with liquidity. Currently the world is seeking a viable option to buy physical precious metals and store them in a safe place. The ability to exchange that value account to account and have it regulated properly will provide a liquid marketplace of users. So in effect there is not a need to have this license to ope11rate [sic]. It may be desirable one day when the ability to trade large scale with futures contracts is written into this Bill then this license would be needed for operations."

*See* Exhibit G, p. 3.

30.     Upon information and belief, Defendants Schilling and Trainor had actual knowledge of Comex's prior rights in the COMEX Marks because Schilling and Trainor have considerable prior experience in the area of buying, selling, and exchanging precious metals.   Specifically, upon information and belief, Defendants Schilling and Trainor's prior business, Crowne Gold, Inc., claimed to be a precious metals exchange and ceased operations after an investigation by federal authorities.   Comex is one of the world's largest physical commodities exchange for metals such as aluminum, copper, gold, palladium, platinum and silver.   Because of their experience in the industry, Defendants Schilling and Trainor are likely aware of the well-known COMEX mark.

31.     Defendants had constructive notice of Comex's ownership of the federally registered rights to the COMEX Marks under 15 U.S.C. §1072, since at least as early as March 1976.

/ / /

50 West Liberty Street
Suite 410
Reno, Nevada 89501

LEWIS ROCA
ROTHGERBER

10

32.     Comex never authorized, licensed or otherwise permitted Defendants to use or reproduce the COMEX Marks or any confusingly similar variation thereof.

33.     Simply put, there is no legitimate reason or need for Defendants to use the COMEX Marks to describe their services.  The only purpose in using the COMEX Marks is to lure customers into believing they are dealing with COMEX or visiting the website of a legitimate Comex-approved depository for precious metals traded on the Comex exchange, when they are not, and diverting the goodwill of Comex to gain an unfair commercial advantage in soliciting business from unwary customers, including customers in Nevada.

### DEFENDANTS' INTENTIONAL ACTIONS HAVE CAUSED EXTENSIVE HARM AND DAMAGE TO COMEX

34.     Upon information and belief, Defendants' willful actions are purposeful, calculated and intended to trade on the reputation and goodwill of Comex and the COMEX Marks.  Defendants had actual knowledge and constructive notice of Comex's ownership of the COMEX Marks.  Despite this, Defendants proceeded to willfully infringe upon Comex's rights.

35.     Defendants selected and adopted the trade name Comex Depository Solutions that is identical and confusingly similar to the COMEX Marks.  Defendants also selected and used the Infringing Domains to host the Infringing Website that prominently features marks identical and confusingly similar to the COMEX Marks.   In doing so, Defendants have caused substantial harm to Comex. /

36.     Defendants' use of the COMEX Marks is likely to mislead, deceive, and confuse the purchasing public and the trade.  It is likely that consumers will mistakenly believe that Defendants are connected, associated or in some way affiliated with Comex, when in fact no such connection, association or affiliation exists.

11

37.     Defendants had no legitimate reason or good faith basis to register and use the COMEX Marks in the Comex Depository trade name or in connection with the Infringing Domains.  Defendants' bad faith use and registration of the Infringing Domains is an intentional act to trade off the goodwill and reputation of Comex.  Defendants' intent in registering the Infringing Domains and setting up the Infringing Website was to profit from the goodwill and value associated with the COMEX Marks by causing harm to Comex.

38.     Defendants' conduct has caused and continues to cause damage and irreparable injury to Comex, and to its goodwill and business reputation.  As a direct and proximate result of Defendants' infringement of the COMEX Marks, Comex has suffered, and will continue to suffer, irreparable harm, damages and economic injury.

39.     Comex has no adequate remedy at law, and unless Defendants are restrained and enjoined by the Court, these acts will continue to cause damage and irreparable injury to Comex, and damage Comex's goodwill and business reputation.  Comex cannot ascertain the precise amount of its damages at this time.  Comex has no ability to control the nature and quality of content and services provided by Defendants under the COMEX Marks.  Effectively, Comex's stellar reputation and goodwill is placed in the hands of these third parties.

### COUNT I

### FEDERAL WILLFUL TRADEMARK INFRINGEMENT
### (REGISTERED MARKS)
### 15 U.S.C. § 1114(1)

40.     As the first ground for relief, Comex alleges violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).  Comex repeats and realleges the allegations of paragraphs 1 through 39, as though fully set forth herein.

6957001_1

41.     As stated above, Comex owns exclusive rights in the U.S. for the COMEX trademark, as evidenced by U.S. Reg. No. 1,036,378, of which Defendants either had actual or constructive notice.

42.     Defendants' unauthorized and infringing use of the COMEX trademark, as alleged herein, is likely to cause confusion, mistake or deception as to the source, sponsorship or approval of Defendants' services by Comex.  The consuming public and the trade are likely to believe that Defendants' services originate with Comex, are licensed, sponsored or approved by Comex, or in some way connected with or related to Comex, in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

43.     Defendants' unauthorized and infringing use of the COMEX trademark, as alleged herein, constitutes intentional and willful infringement of Comex's rights in and to its federally registered trademark, as pled herein, in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

44.     These infringing acts have occurred in interstate commerce and have caused, and unless restrained by this Court will continue to cause, serious and irreparable injury to Comex, for which Comex has no adequate remedy at law.

### COUNT II

### FEDERAL UNFAIR COMPETITION
### 15 U.S.C. § 1125(a)

45.     As the second ground for relief, Comex alleges violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).  Comex repeats and realleges the allegations of paragraphs 1 through 44, as though fully set forth herein.

46.     Defendants' unauthorized use of the COMEX Marks, as alleged herein, constitutes use of a false designation of origin and false or misleading representation in interstate commerce, which wrongly and falsely designates, describes and represents the

13

origin of Defendants' services as originating from or being connected with Comex, and is likely to cause confusion, or to cause mistake, or to deceive as to Defendants' affiliation, connection or association with Comex, or as to the origin, sponsorship or approval of Defendants' services by Comex in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

47.    These acts have occurred in interstate commerce and have caused, and unless restrained by this Court will continue to cause, serious and irreparable injury to Comex, for which Comex has no adequate remedy at law.

## COUNT III

### FEDERAL ANTICYBERSQUATTING CONSUMER PROTECTION ACT
### 15 U.S.C. § 1125(d)

48.    As the third ground for relief, Comex alleges violation of Section 43(d) of the Lanham Act, 15 U.S.C. §1125(d).   Comex repeats and realleges the allegations of paragraphs 1 through 47, as though fully set forth herein.

49.    Defendant Schilling registered, owns and uses the Active Domain Names <COMEXdepositorysolutions.com>, <COMEXdepository.com>, and <COMEXds.com>. Defendant Trainor registered, owns and uses the Inactive Domain Names <texasCOMEXdepository.com,         <tesasCOMEXdepository.com>,         and <lonestarCOMEXdepository.com>.   Defendant Comex Depository uses the Active Domains for its Infringing Website.  Prior to registration of the Infringing Domain Names, the COMEX Marks had become distinctive.   The Infringing Domain Names are confusingly similar to the distinctive (and registered) COMEX Marks.

50.    Defendants continue to own and use the Infringing Domain Names in a manner that is identical and confusingly similar to the COMEX Marks.

/ //

14

51.    Defendants registered and use the Infringing Domain Names with a bad faith intent to profit from the COMEX Marks, in violation of Section 43(d) of the Lanham Act, 15 U.S.C. §1125(d).

52.    These acts have caused, and unless restrained by this Court will continue to cause, serious and irreparable injury to Comex, for which Comex has no adequate remedy at law.

## COUNT IV

### NEVADA DECEPTIVE TRADE PRACTICES
### *Nev. Rev. Stat.* 598.0915

53.    As the fourth ground for relief, Comex alleges violation of the *Nevada Revised Statutes* prohibiting deceptive trade practices, NRS 598.0915.  Comex repeats and realleges the allegations of paragraphs 1 through 52, as though fully set forth herein.

54.    Defendants' willful unauthorized use of the COMEX Marks, as alleged herein, has caused, and is likely to cause in the future, a likelihood of confusion or misunderstanding as to the sponsorship, approval, affiliation or connection of Defendants' and Comex's businesses, inasmuch as it gives rise to the incorrect belief that Defendants' businesses have some connection with Comex.  These acts constitute deceptive trade practices in the course of Defendants' businesses in violation of *Nevada Revised Statute* 598.0915.

55.    These acts have caused, and unless restrained by this Court will continue to cause, serious and irreparable injury to Comex, for which Comex has no adequate remedy at law.

/ / /

/ / /

/ / /

15

6957001_1

## COUNT V

### NEVADA COMMON LAW UNFAIR COMPETITION

56.     As the fifth ground for relief, Comex hereby alleges unfair competition under Nevada common law.  Comex repeats and realleges the allegations of paragraphs 1 through 55, as though fully set forth herein.

57.     As a result of the actions complained of herein, Defendants have misappropriated valuable property rights of Comex, have passed off their services as those of Comex's, are trading off the goodwill symbolized by the COMEX Marks, and Defendants' use of the COMEX Marks is likely to cause confusion or mistake, or to deceive members of the consuming public and the trade.  These acts constitute unfair competition in violation of the common law of the State of Nevada.

58.     These acts have caused, and unless restrained by this Court will continue to cause, serious and irreparable injury to Comex, for which Comex has no adequate remedy at law.

### PRAYER FOR RELIEF

WHEREFORE, Comex prays that this Court enter a judgment and order against Defendants Comex Depository Solutions, LLC; James Schilling; and Sean Trainor:

1.     That Defendants willfully violated Sections 32(1), 43(a), and 43(d) of the Lanham Act;

2.     That Defendants committed acts of unfair competition and deceptive business and trade practices under Nevada common and statutory law;

3.     That Defendants and their officers, directors, agents, servants, employees, affiliates, successors, shareholders, assigns and attorneys, as well as all those in active

6957001_1

concert or participation with them, be preliminarily and permanently enjoined and restrained from:

 A. Using the COMEX Marks;

 B. Using any name, mark, or trade name that incorporates, in whole or in part, the COMEX Marks or is confusingly similar to, including but not limited to any reproduction, counterfeit, copy or a colorable imitation of, the COMEX Marks;

 C. Registering, transferring, selling, owning, using or exercising control over any domain name that incorporates, in whole or in part, the COMEX Marks or anything confusingly similar thereto;

 D. Doing any other act or thing calculated or likely to induce or cause confusion or the mistaken belief that Defendants are in any way affiliated, connected, or associated with Comex or its services;

 E. Licensing or authorizing others to use the COMEX Marks or any confusingly similar mark;

 F. Injuring Comex's business reputation and the goodwill associated with the COMEX Marks, and from otherwise unfairly competing with Comex in any manner whatsoever; and

 G. Passing off Defendants' goods or services as those of Comex.

 4. That, pursuant to 15 U.S.C. §1118, Defendants be required to deliver up and destroy all products, labels, signs, packages, wrappers, advertisements, promotions and all other matter in the custody or under the control of Defendants that bear the COMEX Marks or any other mark that is likely to be confused with the COMEX Marks;

50 West Liberty Street
Suite 410
Reno, Nevada 89501

LEWIS ROCA
ROTHGERBER

17

5.      That the Court order that the domain name registrars, within five (5) business days of the receipt of the Court's order, shall unlock and change the registrar of record for the Infringing Domain Names to a registrar of Comex's selection until further order by this Court, and that the domain name registrars shall take any steps necessary to transfer the Infringing Domain Names to a registrar of Comex's selection until further order by this Court;

6.      That Defendants and domain name registrars be ordered to transfer ownership of the Infringing Domain Names <COMEXdepositorysolutions.com>, <COMEXdepository.com>, <COMEXds.com>, <texasCOMEXdepository.com, <tesasCOMEXdepository.com>, and <lonestarCOMEXdepository.com>, and any other domain names under the control of Defendants that incorporates, in whole or in part, the COMEX Marks or anything confusingly similar thereto, to Comex;

7.      That Defendants be ordered to change any and all corporate or business names that include, in whole or in part, the COMEX Marks and to immediately file the appropriate papers with the state offices to reflect such a change in corporate or business name;

8.      That Defendants be ordered to shut down, close out and terminate all Twitter, Facebook, LinkedIn, YouTube, and other social media accounts or Internet pages that use COMEX Marks or feature any name incorporating, in whole or in part, the COMEX Marks or that are likely to cause confusion with the COMEX Marks and that Twitter, Facebook, LinkedIn, YouTube and other pertinent social media providers be ordered to permanently remove such accounts;

/ / /

/ / /

18

9.     That, because of Defendants' willful actions and pursuant to 15 U.S.C. § 1117, Comex be awarded monetary relief in an amount to be fixed by the Court in its discretion as just, including:

      A.     all profits received by Defendants from sales and revenues of any kind made as a result of their actions, and all damages sustained by Comex as a result of Defendants' actions and that such profits and damages shall be trebled because of Defendants' exceptional and willful actions;

      B.     An award of statutory damages pursuant to 15 U.S.C. § 1117(d) consisting of $100,000 for each of the Infringing Domain Names; and

      C.     The costs of the action.

10.     That pursuant to 15 U.S.C. § 1116, Defendants be directed to file with the Court and serve on Comex within thirty (30) days after issuance of an injunction, a report in writing and under oath setting forth in detail the manner and form in which Defendants have complied with the injunction;

11.     That the Court order those in privity with Defendants and those with notice of the injunction, including any Internet search engines, domain name registrars, domain name registries, Internet Service Providers, and web hosts, shall (a) be and are restrained and enjoined from facilitating access to any and all websites and accounts through which Defendants engage in the infringing use of the COMEX Marks, including but not limited to the Infringing Domain Names and Infringing Website, (b) be ordered to provide any and all identification, contact and registration information associated with the Infringing Domain Names; and (c) be ordered to produce any and all documents and

50 West Liberty Street
Suite 410
Reno, Nevada 89501

LEWIS ROCA
ROTHGERBER

19

electronically stored information regarding access, downloads, and visitors to the Infringing Website;

12. That because of the exceptional nature of this case resulting from Defendants' deliberate and willful infringing actions, this Court award to Comex all reasonable attorneys' fees, costs and disbursements incurred by it as a result of this action, pursuant to 15 U.S.C. §§ 1117(a) and (d) and *Nev. Rev. Stat.* 41.600; and

13. That Comex shall have such other and further relief as this Court may deem just, including such other injunctive relief as the Court may consider necessary to prevent or restrain infringement of the COMEX Marks by Defendants Comex Depository Solutions, LLC, James Schilling, and/or Sean Trainor.

Respectfully submitted,


Dated:  November 13, 2015      By:    /s/ Scott S. Hoffmann
                                      Scott S. Hoffmann
                                      Meng Zhong
                                      LEWIS ROCA ROTHGERBER LLP
                                      50 West Liberty Street, Suite 410
                                      Reno, Nevada 89501

                                      *In Association with:*

                                      Joseph V. Norvell
                                      Joseph T. Kucala, Jr.
                                      J. Ryan Hinshaw
                                      NORVELL IP LLC
                                      P.O. Box 2461
                                      Chicago, IL 60690
                                      Telephone:   (888) 315-0732
                                      Facsimile:    (312) 268-5063
                                      courts@norvellip.com
                                      *Attorneys for Plaintiff*
                                      *Commodity Exchange, Inc.*

                                      Attorneys for Plaintiff will comply with LR IA 10-2
                                      within forty-five (45) days.

20

6957001_1

## INDEX OF EXHIBITS

*Commodity Exchange, Inc. v. Comex Depository Solutions, LLC, et al.*

| EXHIBIT NO. | DESCRIPTION | NO. OF PAGES |
|---|---|---|
| A | True and correct printouts of WHOIS Registration Details for the Active Domain Names: <COMEXdepositorysolutions.com>, <COMEXDEPOSITORY.COM>, AND <COMEXDS.COM> | 15 |
| B | True and correct printouts of WHOIS Registration Details for the Inactive Domain Names: <texasCOMEXdepository.com>, <TESASCOMEXDEPOSITORY.COM>, AND <LONESTARCOMEXDEPOSITORY.COM> | 15 |
| C | True and correct copy of Certificate of Registration and USPTO Trademark Status and Document Retrieval printout for the mark COMEX Registration No. 1,036,378 | 6 |
| D | True and correct copy of Request for Information No. 212p from the Texas Comptroller of Public Accounts | 6 |
| E | True and correct printout of the Current Status of Comex Depository Solutions LLC from the Nevada Secretary of State Website | 3 |
| F | True and correct printout of the Infringing Website at www.COMEXdepositorysolutions.com | 7 |
| G | True and correct copy of Comex Depository's Response to Request for Information No. 212p submitted by Sean Trainor | 5 |
| | | |

50 West Liberty Street
Suite 410
Reno, Nevada 89501

LEWIS ROCA
ROTHGERBER

21

6957001_1

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Nevada

| | |
|---|---|
| COMMODITY EXCHANGE, INC., | ) )  ) ) |
| _____ | ) |
| *Plaintiff(s)* | ) |
| v. | )  ) | Civil Action No. |
| COMEX DEPOSITORY SOLUTIONS, LLC; JAMES SCHILLING; and SEAN TRAINOR, | ) ) ) |
| _____ | ) ) |
| *Defendant(s)* | ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  Comex Depository Solutions, LLC
9120 Double Diamond Pkwy, #C388
Reno, NV 89521

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Scott S. Hoffmann                Joseph V. Norvell
LEWIS ROCA ROTHGERBER    Joseph T. Kucala, Jr.
50 West Liberty St.                 J. Ryan Hinshaw
Suite 410                              NORVELL IP LLC
Reno, NV 89501                    P.O. Box 2461
                                            Chicago, IL 60690

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____
                                                           *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)*   Comex Depository Solutions, LLC

was received by me on *(date)* _____ .

❒ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❒ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❒ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❒ I returned the summons unexecuted because _____ ; or

❒ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### District of Nevada

COMMODITY EXCHANGE, INC.,

)
)
)
)
_____
*Plaintiff(s)*
v.

COMEX DEPOSITORY SOLUTIONS, LLC; JAMES
SCHILLING; and SEAN TRAINOR,

_____
*Defendant(s)*

)
)
)
)
)
)
)
)
)
)
)

Civil Action No.

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  James Schilling
9120 Double Diamond Pkwy, #C388
Reno, NV 89521


A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Scott S. Hoffmann
LEWIS ROCA ROTHGERBER
50 West Liberty St.
Suite 410
Reno, NV 89501

Joseph V. Norvell
Joseph T. Kucala, Jr.
J. Ryan Hinshaw
NORVELL IP LLC
P.O. Box 2461
Chicago, IL 60690

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.


*CLERK OF COURT*


Date: _____          _____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)*  James Schilling

was received by me on *(date)*                              .

❒ I personally served the summons on the individual at *(place)*

_____ on *(date)* _____ ; or

❒ I left the summons at the individual's residence or usual place of abode with *(name)*

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❒ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)*

_____ on *(date)* _____ ; or

❒ I returned the summons unexecuted because _____ ; or

❒ Other *(specify)*:



My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Nevada

COMMODITY EXCHANGE, INC.,

)
)
)
)
)

_Plaintiff(s)_

)
)

v.

)

Civil Action No.

COMEX DEPOSITORY SOLUTIONS, LLC; JAMES
SCHILLING; and SEAN TRAINOR,

)
)
)
)
)
)

_Defendant(s)_

)

## SUMMONS IN A CIVIL ACTION

To: _(Defendant's name and address)_  Sean Trainor
9120 Double Diamond Pkwy, #C388
Reno, NV 89521

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   Scott S. Hoffmann        Joseph V. Norvell
LEWIS ROCA ROTHGERBER    Joseph T. Kucala, Jr.
50 West Liberty St.      J. Ryan Hinshaw
Suite 410                NORVELL IP LLC
Reno, NV 89501           P.O. Box 2461
                         Chicago, IL 60690

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

_CLERK OF COURT_

Date: _____          _____
                                            _Signature of Clerk or Deputy Clerk_

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)*   Sean Trainor

was received by me on *(date)*                               .

❐ I personally served the summons on the individual at *(place)*

_____ on *(date)* _____ ; or

❐ I left the summons at the individual's residence or usual place of abode with *(name)*

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)*

_____ on *(date)* _____ ; or

❐ I returned the summons unexecuted because _____ ; or

❐ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.


Date: _____

                                        _____
                                             *Server's signature*

                                        _____
                                          *Printed name and title*

                                        _____
                                             *Server's address*

Additional information regarding attempted service, etc: